THE STATE OF OHIO, APPELLANT, *v.* TRIPLETT, APPELLEE.

[Cite as *State v. Triplett* (1997), 78 Ohio St.3d 566.]

(No. 95–1708—Submitted September 25, 1996—Decided June 11, 1997.)

568

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *George J. Sadd,* Assistant Prosecuting Attorney, for appellant.

*James A. Draper,* Cuyahoga County Public Defender, and *Donald Green,* Assistant Public Defender, for appellee.

PFEIFER, J. We consider in this case whether the fifty-four-month delay between Triplett's indictment and trial constituted a violation of her Sixth Amendment right to a speedy trial. Because Triplett precipitated the delay by failing to claim certified mail informing her of her indictment, we find that the delay did not violate Triplett's constitutional rights.

In *United States v. MacDonald* (1982), 456 U.S. 1, 8, 102 S.Ct. 1497, 1502, 71 L.Ed.2d 696, 704, the United States Supreme Court stated the purpose of the Sixth Amendment's Speedy Trial Clause:

"The Sixth Amendment right to a speedy trial is * * * not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the Due Process Clause and by statutes of limitations. The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges."

In *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, the court set forth a four-part test to determine whether the state has violated an accused's right to a speedy trial. The four factors include (1) the length of the delay, (2) the reason the government assigns to justify the delay, (3) the defendant's responsibility to assert his right to a speedy trial, and (4) the prejudice to the defendant. *Id.* at 530–532, 92 S.Ct. at 2192–2193, 33 L.Ed.2d at 116–118.

In *Doggett v. United States* (1992), 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520, the court found that the eight-and-one-half-year delay between the accused's indictment and arrest violated his Sixth Amendment rights. Doggett was secretly indicted on federal drug charges, but left the country before the Drug Enforcement Agency could secure his arrest. Doggett was thereafter imprisoned in Panama, and upon his release in 1982, moved to Colombia. Doggett eventually returned to the United States two and one-half years after the issuance of the indictment. From that point until his arrest, he lived openly under his own name, married, earned a college degree, and found steady employment. The United States Marshal's Service eventually located him in 1988 during a simple credit check on individuals with outstanding warrants. There was no evidence that Doggett had ever known of the charges against him until his arrest.

Of special concern to the court in *Doggett* was the fourth factor of the *Barker* test, prejudice to the defendant. While Doggett was unable to demonstrate specifically any prejudice from the delay, the court found that the lengthy lag was presumptively prejudicial. *Id.* at 655, 112 S.Ct. at 2693, 120 L.Ed.2d at 530. Weighing that factor with the rest of the *Barker* factors, the court concluded that the delay violated Doggett's Sixth Amendment rights.

In the present case, the *Barker* factors weigh more heavily on the side of the state. The first factor, the length of the delay, is a "triggering mechanism," determining the necessity of inquiry into the other factors. *Id.*, 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. The fifty-four-month delay in this case is certainly enough to trigger that inquiry—one year is generally considered enough. *Doggett*, 505 U.S. at 652, 112 S.Ct. at 2691, 120 L.Ed.2d at 528, fn. 1. However, the delay in this case, while significant, did not result in any infringement on Triplett's liberty. In fact, according to her own testimony, she was completely ignorant of any charges against her. The interests which the Sixth Amendment was designed to protect—freedom from extended pretrial incarceration and from the disruption caused by unresolved charges—were not issues in this case. Therefore, while the first factor does technically weigh in Triplett's favor, its weight is negligible.

The second factor to consider is the reason the government assigns for the delay. The record reveals that the government complied with Crim.R. 4(D) by sending Triplett a summons and a copy of the indictment via certified mail, and at the same time by ordinary mail. Only the portion of the delay which is attributed to the government's neglect is to be weighed in a defendant's favor. *Doggett, supra,* 505 U.S. at 658, 112 S.Ct. at 2694, 120 L.Ed.2d at 532. Triplett's failure to accept the certified mail at the address which she gave police was the precipitating event in the lengthy delay. It was Triplett who was arrested, gave police her address, and then ignored certified mail that arrived soon thereafter. It is this

factor which distinguished this case from *Doggett*. To reward Triplett for ignoring this notice would be a repudiation of Crim.R. 4.

Certainly, the state could have done more to bring Triplett to immediate justice and must shoulder some of the blame for the delay. If the state wishes to prosecute small-time offenders like Triplett, it ought to expend the resources to do so. Still, a person furnishing an address to police upon arrest has some duty to accept certified mail delivered to that same address within a reasonable time. We cannot always prevent such persons from avoiding detection by underzealous police, but we should not allow them to use their slipperiness to claim the protection of the Sixth Amendment. Therefore, we find that the second factor weighs heavily against Triplett in this case.

The third factor involved is the timeliness of a defendant's invocation of the speedy trial right. Were it proven that Triplett did know of her indictment, perhaps through the ordinary mail service, the third factor would weigh heavily against her. *Doggett*, 505 U.S. at 653, 112 S.Ct. at 2691, 120 L.Ed.2d at 529. No matter how dubious Triplett's claim of ignorance is, there is no evidence in the record that she knew of the indictment prior to her arrest in 1993. Finally, it was only at a 1993 hearing in which her plea agreement was being read into the record that the trial judge brought up *sua sponte* the issue of speedy trial. While the proceeding had moved briskly after Triplett's second arrest, the speedy trial issue was not raised until the eleventh hour. We accord only moderate weight to the third factor in Triplett's favor.

In *Doggett*, the court stated that, as to the fourth factor, the possibility that a defense could be impaired by dimming memories and the loss of exculpatory evidence is the most serious form of prejudice a pretrial delay can bring. 505 U.S. at 654, 112 S.Ct. at 2692, 120 L.Ed.2d at 530. The *Doggett* defendant, like Triplett, was unable to affirmatively show that the delay weakened his ability to raise specific defenses, elicit specific testimony, or produce specific items of evidence. However, recognizing that "time's erosion of exculpatory evidence and testimony 'can rarely be shown,'" the court wrote that "'we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify.'" *Id.* at 655, 112 S.Ct. at 2692–2693, 120 L.Ed.2d at 530–531, quoting *Barker*, 407 U.S. at 532, 92 S.Ct. at 2182, 33 L.Ed.2d at 118. The court held that while such presumptive prejudice cannot alone carry a Sixth Amendment claim, "it is part of the mix of relevant facts, and its importance increases with the length of delay." *Doggett* at 656, 112 S.Ct. at 2693, 120 L.Ed.2d at 531.

For the *Doggett* court, the role that this presumptive prejudice is to play related directly to the reason for the delay. Where the defendant himself causes the delay, by going into hiding, for instance, and the government pursues him

with reasonable diligence, a speedy trial claim would fail. *Id.* at 656, 112 S.Ct. at 2693, 120 L.Ed.2d at 531. Where the delay is caused by the government's intentional footdragging in order to gain some impermissible advantage at trial, the delay will be weighed heavily against the government. "Between diligent prosecution and bad-faith delay, official negligence in bringing an accused to trial occupies the middle ground." *Id.* at 656–657, 112 S.Ct. at 2693, 120 L.Ed.2d at 531. Negligence, however "still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun." *Id.* at 657, 112 S.Ct. at 2693, 120 L.Ed.2d at 531–532. The longer the delay due to official negligence, the less tolerable the delay becomes. *Id.* at 657, 112 S.Ct. at 2693, 120 L.Ed.2d at 532. The eight-and-one-half-year delay in Doggett's case, with six years directly attributable to the government's negligence, was too much for the court to countenance.

We do not find the time span in this case to be as prejudicial as the period in *Doggett.* The fifty-four months at issue in this case is also exceedingly long, but it is the cause of that delay that sets this case apart from *Doggett.* In *Doggett,* there was no evidence that the accused ever knew that he had been charged with a crime or that the government had ever attempted to notify him of his indictment. He was never even in police custody until eight and a half years after his indictment. Triplett was arrested, immediately booked, and indicted soon thereafter, and a certified mail notice of her indictment was then sent to the address *she* had provided to police after her arrest. Hence, any delay after that point was her fault.

Of course, police did not do all they could to apprehend Triplett. There is nothing in the record suggesting that police made any effort to go to the address in person to attempt to find Triplett. While this factor should be weighed, on balance, against the state, we do not find it fatal to the prosecution.

The length of the delay and the prejudice presumed to arise from that, as well as Triplett's timely assertion of her Sixth Amendment rights, are factors in her favor under a *Barker* analysis. Still, none of those factors ever would have become factors without Triplett's own hampering of her Sixth Amendment rights. Triplett cannot overcome the fact that the genesis of the delay was her failure to accept certified mail or her failure to give police a suitable address upon her arrest.

We therefore reverse the judgment of the court of appeals and remand the cause to the trial court for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

Moyer, C.J., Douglas, Resnick and F.E. Sweeney, JJ., concur.

Cook and Lundberg Stratton, JJ., concur in judgment only.