DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Samir Ismail appeals the judgment of the Medina County Court of Common Pleas convicting him of theft of a motor vehicle. This Court affirms.
 I.
On July 9, 1990, the Medina County Grand Jury issued an indictment against Ismail on one count of theft of a motor vehicle, in violation of R.C. 2913.02(A)(2) and (3). A warrant was issued for Ismail's arrest. Authorities could not locate Ismail.
In March of 1999 authorities discovered that Ismail was incarcerated at the Lima Correctional Facility on a 1991 conviction for drug trafficking from Summit County. A detainer was placed on Ismail, and he was arraigned before the Medina Court of Common Pleas.
Ismail filed a motion to dismiss alleging that the statute of limitations had expired and that his constitutional right to a speedy trial was violated. On May 18, 1999, the trial court denied the motion. On July 9, 1999, Ismail pled no contest to an amended charge of attempted theft, in violation of R.C. 2913.02 and 2923.02. The trial court found Ismail guilty of the amended felony charge, and he was sentenced to time served.
Ismail timely appeals, asserting one assignment of error.
 II.
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT'S MOTION TO DISMISS FOR VIOLATING HIS RIGHT TO A SPEEDY TRIAL.
 In his sole assignment of error, Ismail alleges that his constitutional right to a speedy trial was violated. This Court disagrees.
Ismail bases his argument on constitutional grounds, alleging that he was denied the right to a speedy trial guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. The Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, guarantee a criminal defendant the right to a speedy trial. State v.Brown (1992), 64 Ohio St.3d 476, 478-479. That right is not limited in scope to the period following formal arrest but extends to any delay between indictment and arrest. Doggett v. United States (1992),505 U.S. 647, 648, 120 L.Ed.2d 520, 526, 112 S.Ct. 2686. In considering whether the time between indictment and arrest violates an accused's right to a speedy trial, a court must employ a two-pronged analysis. First, it must determine whether the accused has alleged that the interval between accusation and trial "crossed the threshold dividing ordinary from `presumptively prejudicial' delay[.]" Id.,505 U.S. at 651-652, 120 L.Ed.2d at 528. The United States Supreme Court has noted, without approval or disapproval, that some states have construed a one-year delay as meeting the first prong of the analysis. Id.,505 U.S. at 652, 120 L.Ed.2d at 528, fn. 1. This Court has "assumed without deciding," that a delay of just under one-year between indictment and service meets the first prong of the Doggett analysis. State v.Auterbridge (Feb. 25, 1998), Lorain App. No. 97CA006702, unreported. Accordingly, Ismail has met the first threshold of the Doggett analysis by alleging that the eight-year delay between indictment and service was presumptively prejudicial.
Once the accused makes a showing of presumptive prejudice, the second prong of the speedy trial analysis must be considered; that is, the four-factor balancing test set out in Barker v. Wingo (1972), 407 U.S. 514,530, 33 L.Ed.2d 101, 116-117, 92 S.Ct. 2182. Doggett,505 U.S. at 651-658, 120 L.Ed.2d at 528-532. The four factors that must be balanced are the "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Barker,407 U.S. at 530, 33 L.Ed.2d at 116-117. The length of the delay and the reason for the delay are closely related. Id. at 530-531,33 L.Ed.2d at 117. A seventeen-month delay in the context of a "relatively simple prosecution where the state was able to rely solely on evidence to which it had access at the time of the indictment," and where the defendant did not cause the delay is "unnecessarily long." State v. Grant (1995),103 Ohio App.3d 28, 34. However, mere negligence on the part of the state, in the absence of a "deliberate attempt to delay the trial in order to hamper the defense," does not weigh heavily against the state.Barker, 407 U.S. at 531, 33 L.Ed.2d at 117. Even a significant delay of fifty-four months has been found to carry negligible weight where a defendant's liberty has not been impacted, where a defendant is unaware of the charges, and where the "interests which the Sixth Amendment was designed to protect — freedom from extended pretrial incarceration and from the disruption caused by unresolved charges," are not at issue.State v. Triplett (1997), 78 Ohio St.3d 566, 569.
In the instant case, an eight-year delay caused by a lack of diligence on behalf of the authorities to locate and serve Ismail does create a presumption of prejudicial delay. See Doggett, supra. However, the degree of prejudice is negligible because defendant was incarcerated on other charges throughout the entire period.
With respect to the third Barker factor, assertion of the right to a speedy trial, defendant asserted his right two weeks after service of the indictment. Although this factor weighs in Ismail's favor, it is to be accorded only moderate weight. See Triplett, 78 Ohio St.3d at 570.
The fourth Barker factor is prejudice to the defendant. The Barker
Court provided a tripartite test for assessing whether a defendant was prejudiced by an excessive delay: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired."Barker, 407 U.S. at 532, 33 L.Ed.2d at 118. However, the state may rebut a presumption of prejudice when a defendant's defense is "not dependent upon exculpatory evidence that might be lost or thrown away or the testimony of witnesses whose memories might fade with time." (Emphasis added.) United States v. Mundt (C.A.6, 1994), 29 F.3d 233, 237. See, also, State v. Worthy (July 16, 1997), Lorain App. No. 96CA006576, unreported, appeal not allowed (1997), 80 Ohio St.3d 1445, (loss of possible witnesses over a thirteen-month delay falls well short of establishing prejudice).
In this case, Ismail only generally alleged that the eight-year delay caused him prejudice. Ismail failed to present any specific allegations as to how the delay caused him prejudice. A defendant's general assertions fall far short of the actual loss of evidence requirement established by Worthy and Grant.
Viewing the four Barker factors together in this case, even though the length of the delay, the reason for the delay, and assertion of his speedy trial right are in Ismail's favor, they carry minimal weight. Ismail's general assertions of prejudice to his defense are nothing more than unsupported broad allegations. There is no per se rule that constitutes the violation of constitutional speedy trial rights.Barker, supra. Accordingly, on the facts of this particular case, the eight-year delay at issue does not rise to a level of prejudice sufficient to establish that Ismail was denied his right to a speedy trial.
Ismail's assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 ___________________________ DONNA J. CARR
BAIRD, P. J., SLABY, J., CONCUR.