OPINION
{¶ 1} Defendant-appellant Michael D. Webb appeals from his conviction and sentence in the Tuscarawas County Court of Common Pleas after the Court denied appellant's Motion to Dismiss on speedy trial grounds. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Defendant-appellant Michael D. Webb [hereinafter appellant] was indicted on two counts of rape on July 16, 1997. The charges arose from allegations that appellant committed two counts of rape against a ten year old female child, in violation of R.C. 2907.02. Appellant was the child's step-father and was living in a home with his wife, Diane Webb, and the child.
 {¶ 3} Appellant was arraigned on March 30, 2001. On June 28, 2001, appellant filed a Motion to Dismiss based upon the delay in bringing appellant to trial after indictment. A hearing was held on the Motion to Dismiss on August 6, 2001, and August 21, 2001, at which time evidence was taken regarding the reasons behind the delay between the dates of the indictment and the date appellant was arraigned. At the hearing, the State contended that despite diligent efforts, the State had been unable to locate appellant between the date of the indictment and his ultimate arrest. Following the hearing, the trial court overruled appellant's Motion to Dismiss.
 {¶ 4} On October 29, 2001, appellant entered a plea of no contest to one count of sexual battery, as set forth in an amended indictment. The sentencing hearing took place on December 26, 2001. By Judgment Entry filed December 28, 2001, appellant was sentenced to a term of incarceration of two years.
On March 12, 2002, appellant filed a motion requesting leave to file a delayed appeal. This Court granted appellant's leave to file a delayed appeal. Thus, it is from the Judgment Entry filed December 28, 2001, that appellant appeals, raising the following assignment of error:
 {¶ 5} "The trial court erred in finding that the Tuscarawas County Sheriff's Department made diligent efforts to find Appellant and that any delay in service of the Indictment was strictly attributable to Appellant."
 {¶ 6} In appellant's sole assignment of error, appellant contends that the trial court erred in finding that the Tuscarawas County Sheriff's Office made diligent efforts to find appellant and that any delay in the service of the indictment was strictly attributable to appellant. We disagree.
 {¶ 7} Appellant's assignment of error arises from his assertion that his right to a speedy trial, as guaranteed by the Sixth Amendment to the United States Constitution and Article I of the Ohio Constitution, was violated by the delay between his indictment and arraignment. TheSixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The Sixth Amendment right to a speedy trial applies to state prosecutions by virtue of the Due Process Clause of theFourteenth Amendment. Klopfer v. North Carolina (1967), 386 U.S. 213, 222-223,87 S.Ct. 988, 993, 18 L.Ed.2d 1. Article I, Section 10 of the Ohio Constitution also guarantees an accused the right to a speedy trial.
The purpose of the Sixth Amendment has been summed up as follows: "TheSixth Amendment right to a speedy trial is * * * not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the Due Process Clause and by statutes of limitations. The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." State v. Triplett (Ohio 1997), 78 Ohio St.3d 566, 568, 679 N.E.2d 290 (citing United States v. MacDonald (1982), 456 U.S. 1, 8, 102 S.Ct. 1497, 1502,71 L.Ed.2d 696, 704).
 {¶ 8} The broad sweep of the Speedy Trial Clause was qualified by the United States Supreme Court when it created a four-part balancing test, outlined in Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182,33 L.Ed.2d 101. The factors to be weighed are the following: (1) whether the length of the delay was uncommonly long; (2) whether the government or defendant were more to blame for the delay; (3) whether, in due course, the defendant asserted his rights; and (4) whether the defendant suffered prejudice as a result of the delay. United States v. Doggett (June 24, 1992), 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520(Barker,407 U.S. at 530).
 {¶ 9} Appellant's assignment of error addresses the second factor, the cause of delay. Courts have attached great weight to this consideration. "Where the defendant himself causes the delay, by going into hiding, for instance, and the government pursues him with reasonable diligence, a speedy trial claim would fail." Triplett,78 Ohio St.3d at 571-572 (citing Doggett, supra. at 656).
Despite appellant's arguments to the contrary, we do not find that the State was negligent or lacked diligence in its efforts to locate appellant. We find that the State's inability resulted from appellant's departure from the area and frequent re-location within and without Ohio and lack of contact with his wife. Although there is no direct evidence that appellant was aware of the arrest warrant or indictment, appellant's behavior creates an inference that he was attempting to avoid the charges.
 {¶ 10} A Tuscarawas County Deputy Sheriff met with the victim, a ten year old girl, and Diane Webb, the victim's mother and appellant's wife, on June 15, 1997. Appellant was allegedly having intercourse with the child. On the following day, June 16, 1997, the Deputy picked up an arrest warrant and attempted to locate appellant at his last known address, the home he shared with his wife and the victim. However, appellant was gone.
 {¶ 11} The Tuscarawas Sheriff Department then entered appellant into the National Crime Information Center System [hereinafter NCIC]. Testimony showed that the NCIC sends information to police departments throughout the country. Police departments across the United States were thereby notified that appellant was the subject of a warrant and were provided with a description of appellant and his vehicle.
In a further attempt to locate appellant, the Tuscarawas County Sheriff's Deputy in charge of locating appellant testified that the Tuscarawas Sheriff Department had asked local family members to contact the Department if they found anything out that could help locate appellant.[1] The Deputy also testified that he kept in regular contact with Diane Webb, appellant's wife and the mother of the victim, until appellant's arrest. Diane Webb told the Sheriff's Department that she had contacted every single person she could think of, not only in the local area but other areas to which appellant was known to travel, but was unable to find any information by which to locate appellant. Earl Webb, appellant's brother, confirmed Diane Webb's attempts to locate appellant when he testified that Diane Webb came to his residence twice, looking for appellant. Thus, it would appear from the testimony that Diane Webb was cooperating with the Sheriff's Department and actively attempting to locate appellant,
 {¶ 12} The Tuscarawas Sheriff's Department followed up on all of the leads that were received over time. In August, 1997, there was information that appellant was living in Rockcreek, Ohio. The Tuscarawas Sheriff Department contacted local authorities. However, when the local authorities checked the address, they were told that appellant no longer lived there. In January, 1998, or April, 1998, appellant's wife provided information that appellant was working at a scrap yard in Cleveland, Ohio. The Tuscarawas Sheriff's Department again contacted local authorities. When local authorities arrived, they were told that appellant had worked there in the past but had been fired and no longer worked there. In July, 1999, there was information that appellant may have been in Tupelo, Missouri.[2] However, upon contact by the Tuscarawas Sheriff's Department, local authorities did not provide any information nor did they locate appellant. In the meantime, the Sheriff's Department continued to run a NCIC/LEADS[3] check every year.
Appellant argues that the State was not diligent because they never contacted appellant's brother nor informed the brother that authorities were looking for appellant. Appellant asserts that his brother knew appellant's whereabouts at "virtually" all times. Appellant's brother, Earl Webb, [hereinafter Webb] lived in Cleveland. Webb testified that, for the most part, he knew where appellant was throughout the time period in question. He confirmed that he knew that appellant lived in Rockcreek, Ohio, and Cleveland, Ohio, on two different occasions, and also testified that appellant had spoken of being in Mississippi.
 {¶ 13} We do not find appellant's argument persuasive. Appellant's argument is based upon the speculation that Webb would have informed the authorities of appellant's location if approached. The brother was contacted by Diane Webb on two different occasions in attempts to locate appellant and gave no information as to appellant's location. Further, Webb's testimony confirms that appellant moved several times within and without the State of Ohio and creates an inference that appellant wanted no contact with appellant's wife.
 {¶ 14} When the circumstances are considered in toto, we cannot find that the delay was occasioned by State negligence nor lack of diligence on the part of the State. Rather, the delay was caused by appellant's frequent moves and disconnection from his wife/mother of the victim. Further, from the timing of appellant's departure from his home with his wife and her child, the victim, his lack of contact with his wife, and appellant's frequent moves, there is a clear inference that appellant sought to abscond. We find the trial court did not err in finding that the Tuscarawas County Sheriff's Department made diligent efforts to find appellant nor in attributing the delay to appellant.
 {¶ 15} Appellant's sole assignment of error is overruled.
 {¶ 16} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
Judgment affirmed.
Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs to appellant.
[1] It is not clear from the Deputy's testimony whether the Department contacted local family members other than Diane Webb, appellant's wife. When asked if local family members were asked to contact the Sheriff's Department if they found anything out about appellant's whereabouts, the Deputy answered "Right." Transcript of Proceedings, pg. 21. However, the only family member specifically identified as having been contacted directly is Diane Webb. Id. at 20-21.
[2] The Deputy testified that appellant may have been in "Tupelo, Missouri." The Deputy may have meant "Tupelo, Mississippi." Earl Webb testified that appellant had stated that appellant had been in Mississippi. This court is aware of Tupelo, Mississippi but not aware of a Tupelo, Missouri.
[3] LEADS is the Law Enforcement Automated Data System. LEADS provides criminal information similar to NCIC, but is statewide and is run by the State of Ohio. State v. Brock (May 22, 1991), Montgomery App. No. 12227, 1991 WL 96313.