{¶ 22} I respectfully dissent from the majority opinion's determination that the Barker v. Wingo[1] fourth factor weighed against Smith and required reversal of the trial court's decision. The trial court granted Smith's speedy trial motion pursuant to Doggett v.United States.[2] I would have affirmed the trial court's decision because the second factor of Barker in conjunction with the fourth factor weighed heavily against the State. The State admitted it had been negligent in prosecuting Smith for sixteen months.
 {¶ 23} Additionally, the State had Smith in its custody for unrelated crimes at least twice before they served this indictment. Nothing in the record showed that the State had made any effort to find Smith prior to his third arrest. It was his third arrest for an unrelated matter that led to the service of the indictment for this case.
 {¶ 24} In a thirteen-month delay case, the Ohio Supreme Court found the failure of the State to make a reasonable attempt to locate the defendant and its failure to have any reason for the delay as determining factors in sustaining the trial court's granting of a defendant's speedy trial motion.[3] In Selvage, the Ohio Supreme Court held the trial court should be given due deference when the State has no Barker v.Wingo second-factor-reasons for the delay and the defendant asserts she does not remember the events. I note Smith argued at his hearing that he had no recollection of the events surrounding the crimes charged against him.
 {¶ 25} However, the majority opinion concluded State v.Triplett's[4] fifty-four month delay case was not prejudicial; therefore, Smith's sixteen-month delay is not prejudicial when Smith failed to assert or prove the delay hampered his ability to mount a defense. This interpretation restricts Triplett in ways not intended by the Ohio Supreme Court.
 {¶ 26} In Triplett, the Ohio Supreme Court did hold the fifty-four month's delay exceedingly long.[5] The court felt the case turned on the cause of the delay, which was Triplett's refusal to accept the certified mail service. Thus, the government had made a reasonable effort to find her. The court concluded she should not be rewarded for causing the lengthy delay. Consequently, Triplett is different from Smith. In this case, the government made no effort to find Smith, and Smith did not create nor participate in the sixteen month delay.
 {¶ 27} Nonetheless, the majority opinion found the presumptively prejudice doctrine in Doggett and Triplett inapplicable where defendant fails to show the delay hampered his defense. It seems to me that any delay over a year triggers the Barker v. Wingo analysis. Once the analysis is triggered the issue is the weight to be given each factor.
 {¶ 28} In Doggett, the United States Supreme Court concluded eight and one-half years presumptively prejudicial, and went on to say that it is difficult for a defendant to show how an unconstitutional delay can hamper or erode a defense. Thus, lengthy lags in time are presumptively prejudicial.
 {¶ 29} In cases like Smith where the time is not as excessive as in Doggett, the time span must be viewed in context of the State's reason for the delay. Consequently, where the State has no reason for the delay and the defendant asserts he cannot remember the events, I think Doggett
applies and the delay is unconstitutional. Accordingly, I would have affirmed the trial court's decision.
[1] (1972), 407 U.S. 514.
[2] (1992), 505 U.S. 647.
[3] State v. Selvage (1997), 80 Ohio St.3d 465.
[4] (1997), 78 Ohio St.3d 566.
[5] Id. p. 571.