OPINION
{¶ 1} Appellant State of Ohio appeals the decision of the Court of Common Pleas, Fairfield County, which dismissed a felony indictment against Appellee Eric V. Page. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellee Eric V. Page was indicted by the Fairfield County Grand Jury on May 29, 1998 on one count of rape. A request for an arrest warrant was filed that same day. At that time, however, appellee was in the Twin Valley Psychiatric System facility in Franklin County, Ohio, based on a multi-count felony indictment in Franklin County dated February 25, 1998 (Case 98-CR-02-944), as well as a revocation order stemming from a 1989 Franklin County case wherein appellee had been found not guilty by reason of insanity. The trial court file in the case sub judice contains a handwritten notation, dated June 18, 1998, reading "hold until released from Twin Valley (approximately 30 days) being evaluated in Franklin County on Franklin County rape charges."
 {¶ 3} On June 25, 1998, a prosecutor's office employee faxed a copy of the Fairfield County indictment, bond and warrant request to Mickey Humes at Twin Valley. The trial court made another notation on August 6, 1998, recognizing that appellee was "still in Twin Valley." The trial court again made a notation on September 24, 1998, that the indictment was "put in vault." On that same date, the Franklin County Court of Common Pleas issued an entry in its 1989 case determining that appellee's mental condition required continued hospitalization.
 {¶ 4} On December 21, 2000, appellee's counsel in Columbus wrote a letter to the Fairfield County Prosecutor stating "[t]he matters here in Franklin County have now been concluded[,]" and seeking communication as to the unresolved Fairfield County indictment. On March 23, 2001, appellee's counsel wrote another letter to the prosecutor's office indicating that appellee was "hospitalized and isn't going anywhere." On June 8, 2001, the Fairfield County Grand Jury indicted appellee on two counts of rape, one count of aggravated burglary, two counts of robbery, one count of kidnapping, and one count of abduction, with specifications per R.C. 2941.148. This indictment pertained to the same incident as in the Fairfield County indictment in the case sub judice. Appellant was arrested on July 21, 2001, but was not held at the jail, as at that point he was still being treated at the aforementioned State psychiatric facility.
 {¶ 5} On December 7, 2001, appellee filed a motion to dismiss the indictment in the case sub judice. The trial court issued a memorandum of decision on June 13, 2002, and entered a judgment entry granting said dismissal on July 18, 2002. (The second Fairfield indictment is also the subject of an appeal by the State to this Court, appellate case number 02CA70.)
 {¶ 6} The State timely appealed and herein raises the following sole Assignment of Error:
 {¶ 7} "I. THE TRIAL COURT'S DECISION DISMISSING THE INDICTMENT PENDING AGAINST APPELLEE BASED ON VIOLATION OF APPELLEE'S SPEEDY TRIAL RIGHTS WAS CONTRARY TO LAW AND AN ABUSE OF DISCRETION."
 I. {¶ 8} In its sole Assignment of Error, the State argues the trial court erred in dismissing the May 29, 1998 rape indictment against appellee based on a speedy trial violation. We disagree.
 {¶ 9} In its memorandum of decision, the trial court in the case sub judice conducted an analysis of both postindictment delay (i.e., the delay from indictment to arrest) and statutory speedy trial requirements. We will herein focus on the first of the trial court's dual analyses.
 {¶ 10} In regard to postindictment delay, the United States Supreme Court has established a four-part balancing test found in Barkerv. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. The factors to be weighed are the following: (1) whether the length of the delay was uncommonly long; (2) whether the government or defendant was more to blame for the delay; (3) whether, in due course, the defendant asserted his rights; and (4) whether the defendant suffered prejudice as a result of the delay. In Doggett v. United States (1992), 505 U.S. 647, the United States Supreme Court further developed the process for determining impermissible postindictment delay. First, the accused must make a preliminary showing of a "presumptively prejudicial" delay, which the Court observed is generally demonstrated upon a one year delay. Id. at 652, fn. 1. Once that showing is made, the second level of inquiry is triggered under Barker, supra; i.e., the weighing of the above four factors to determine whether the delay between indictment and arrest violated the right of the accused to a speedy trial. See State v. Thomas
(Aug. 4, 1999), Lorain App. No. 98 Ca 007058, citing State v. Selvage
(1997), 80 Ohio St.3d 465, 467, 687 N.E.2d 433; State v. Triplett
(1997), 78 Ohio St.3d 566, 569, 679 N.E.2d 290.
 {¶ 11} The first Barker factor is the length of the delay. In the case sub judice, the delay between indictment and appellant's arrest was slightly over three years. In State v. Triplett, supra, at 569, the Ohio Supreme Court has found a delay of fifty-four months was a permissible delay. However, in that case the accused was not incarcerated or otherwise under the State's control. In the case sub judice, the trial court notations give rise to the conclusion that the prosecutor's office was aware as of 1998 of appellee's prior placement in a state psychiatric facility. As such, we find that this factor weighs in favor of appellee.
 {¶ 12} The second factor is the State's justification for the delay. While there is no indication the State deliberately delayed arrest in this case, there appears to be no reason for the State's delay other than oversight. Appellee was scarcely in a position to have absconded from Ohio or to have changed his name and identity in an attempt to avoid arrest. As we suggested in State v. McGhee, (June 20, 2001), Delaware App. No. 00CA-A-12040, accepting any justification for the State's delay in finding persons already in the hands of the government must reflect the advancing availability of telecommunications and information technology for this task. We thus find the "delay" factor also weighs in favor of appellee.
 {¶ 13} The third factor, assertion of his rights, has been described as "the timeliness of a defendant's invocation of the speedy trial right." Triplett, at 570, 679 N.E.2d 290. In the case at hand, it is apparent from the record that appellee waited for approximately four and one-half months to file his motion to dismiss. While appellee conceivably could have proposed his argument to the court at an earlier point, this is patently not a case of last-minute maneuvering by appellee. We conclude this factor again weighs in favor of appellee.
 {¶ 14} The final factor is prejudice to the defendant. "Prejudice to the defendant can take three forms: lengthy incarceration, anxiety over unresolved criminal charges, and impediments to an effective defense." Thomas, supra., citing Barker at 532. "The [Doggett] court held that while such presumptive prejudice cannot alone carry a Sixth Amendment claim, `it is part of the mix of relevant facts, and its importance increases with the length of delay.'" Triplett at 570, quotingDoggett at 656. In addition to relying on the Doggett presumption of prejudice, appellee responds that "* * * it now becomes almost impossible for the defendant to locate witnesses who could perhaps provide an alibi to demonstrate where he was, etc., as of the time frame set forth in 1998." Appellee's Brief at 5. Moreover, in Triplett, the Court further opined that governmental oversight "`still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun.'" Id. at 570, quoting Doggett at 657. We therefore again conclude that this factor weighs in favor of appellee.
 {¶ 15} Accordingly, we find the State's aforecited arguments unpersuasive under Barker. Appellant also challenges the trial court's speedy trial analysis pursuant to R.C. 2945.73, which mandates that if an accused is not brought to trial within the time requirements of R.C.2945.71 and R.C. 2945.72, the accused shall be discharged. However, based on our holding as to the issue of delay between indictment and arrest, we concur with the trial court's decision to dismiss, and we find the statutory speedy trial analysis moot.
 {¶ 16} The State's sole Assignment of Error is therefore overruled.
 {¶ 17} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
Hoffman, P.J., and Edwards, J., concur.