[Cite as *State v. Skaggs*, 2018-Ohio-1156.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Case No. 17CA3609 |
| v. | : | |
| | | DECISION AND |
| KAYLEE M. SKAGGS, | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED 03/29/2018 |

APPEARANCES:

Timothy Young, Ohio Public Defender, and Peter Galyardt, Assistant Ohio Public Defender, Columbus, Ohio, for Appellant.

Sherri Rutherford, Chillicothe Law Director, and Michele R. Rout, Assistant Chillicothe Law Director, Chillicothe, Ohio, for Appellee.

Hoover, P.J.

{¶ 1} Defendant-Appellant, Kaylee M. Skaggs ("Skaggs"), appeals from her conviction in the Chillicothe Municipal Court for operating a motor vehicle under the influence of alcohol with a prohibited concentration (.134 BAC) in violation of R.C. 4511.19(A)(1)(d).

{¶ 2} In her sole assignment of error, Skaggs contends that her constitutional speedy-trial rights were violated. Because the record and a weighing of the pertinent factors do not establish that Skaggs's constitutional speedy-trial rights were violated, we overrule Skaggs's sole assignment of error and affirm the trial court's judgment.

**I. Facts and Procedural Posture**

{¶ 3} In March 2010, Skaggs was cited for multiple traffic violations, including operating a motor vehicle while under the influence of alcohol. An Ohio State Trooper had

observed Skaggs driving at an estimated speed of 60 miles per hour in a 35 mile per hour zone. The Trooper activated his lights causing Skaggs to pull into a parking space. When the Trooper approached the vehicle, Skaggs stated that she was drunk. Skaggs completed field sobriety tests, which she performed poorly. The Trooper transported Skaggs to the Ross County Law Enforcement Complex where she took the breath test. Skaggs's test results showed a .134 g/210L blood alcohol content. Skaggs was charged with OVI in violation of R.C. 4511.19(A)(1)(d) and R.C. 4511.19(A)(1)(a); speeding in violation of R.C. 4511.21(C); driving under suspension in violation of R.C. 4510.16(A); and driving without a license in violation of R.C. 4510.12(A)(1).

{¶ 4} On March 12, 2010, Skaggs was arraigned on the charges in the Chillicothe Municipal Court. Skaggs pleaded not guilty; and she was permitted to sign a recognizance bond. The trial court scheduled Skaggs for a pre-trial in May 2010. Skaggs failed to appear for her pre-trial; therefore, the trial court issued a warrant for her arrest.

{¶ 5} In July 2014, a Chillicothe police officer stopped and charged Skaggs with additional traffic violations. The 2010 OVI arrest was not addressed during this stop. The trial court scheduled a court date of July 11, 2014, for the subsequent traffic violations; but Skaggs failed to appear again; this resulted in a second warrant being issued for her arrest.

{¶ 6} In March 2017, Skaggs was arrested on both warrants. This time the trial court required Skaggs to post a $2,000 cash, surety, or real estate bond.

{¶ 7} Skaggs filed a Motion to Dismiss arguing that her speedy trial rights were violated due to the delay in prosecution. A hearing on the motion to dismiss was held on May 10, 2017.[1] No witnesses were called at the hearing. Instead, the parties agreed to submit written arguments

---

[1] At this hearing, the State moved to dismiss the 1404685 cases. We presume these cases were the subsequent traffic charges from 2014.

and stipulations of fact, which they did. By journal entry, the trial court denied Skaggs's motion to dismiss.

{¶ 8} The State moved to dismiss all of the accompanying traffic charges in exchange for a no contest plea to the OVI in violation of R.C. 4511.19(A)(1)(d). Skaggs then pleaded no contest[2] to the single charge; the trial court accepted the no contest plea and found Skaggs guilty. The trial court sentenced Skaggs to ten days in the Ross County Jail with credit for ten days already served, a fine of $375, and community control. The trial court also required Skaggs to submit to an evaluation for drug/alcohol treatment; ordered Skaggs not to consume alcohol; and suspended her license for 180 days.

{¶ 9} Skaggs then filed a timely notice of appeal.

## II. Assignment of Error

{¶ 10} Skaggs assigns the following assignment of error for our review:

Kaylee Skaggs's constitutional right to a speedy trial was violated. Sixth and Fourteenth Amendments, United States Constitution; Section 10, Article I, Ohio Constitution. Doggett v. United States, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). June 20, 2017 Journal Entry.

## III. Law and Analysis

{¶ 11} In her sole assignment of error, Skaggs contends that her constitutional right to a speedy trial was violated.

## A. Standard of Review

{¶ 12} Appellate review of a trial court's decision on a motion to dismiss for a speedy-trial violation involves a mixed question of law and fact. *State v. Sinkovitz,* 2014–Ohio–4492, 20 N.E.3d 1206, ¶ 6 (4th Dist.); *State v. Hucks,* 4th Dist. Ross No. 15CA3488, 2016–Ohio–323, ¶

---

[2] The transcript reflects that the trial court said, "On the plea of guilty then I do find you guilty." Also, the entry of sentence refers to Skaggs's plea as a "guilty plea". At the beginning of the change of plea hearing, however, the trial court acknowledged that Skaggs's plea would be a no contest plea; and the journal entry reflects the plea as a no contest plea. Therefore, we will also consider the plea made to be a no contest plea.

18. We defer to the trial court's factual findings if some competent, credible evidence supports them, but we review de novo the court's application of the law to those facts. *Id.*

## B. Skaggs's Constitutional Right to a Speedy Trial Was Not Violated

{¶ 13} The Sixth Amendment to the United States Constitution guarantees an accused the right to a speedy trial in all criminal prosecutions. That guarantee is applicable to the states through the Fourteenth Amendment Due Process Clause. *Klopfer v. North Carolina*, 386 U.S. 213, 222-223, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). Similar protection is afforded under Section 10, Article I of the Ohio Constitution. *See State v. Meeker*, 26 Ohio St.2d 9, 268 N.E.2d 589 (1971), paragraph one of the syllabus ("The provisions of Section 10, Article I of the Ohio Constitution and of the Sixth Amendment to the United States Constitution, as made applicable to the states by the Fourteenth Amendment, guarantee to a defendant in a criminal case the right to a speedy trial.").

{¶ 14} The United States Supreme Court has recognized that delays are unavoidable in the criminal justice system, and has determined that whether a prosecution has been constitutionally speedy depends upon the particular facts and circumstances of each case. *See Barker v. Wingo*, 407 U.S. 514, 522, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Accordingly, to determine whether a constitutional speedy-trial violation exists, "it is necessary to balance and weigh the conduct of the prosecution and the defendant by examining four factors: (1) the length of the delay; (2) the reason for the delay; (3)[d]efendant's assertion of his speedy trial rights; and (4) the prejudice to [d]efendant as a result of the delay." *State v. Ferguson*, 2d Dist. Clark No. 08CA0050, 2011-Ohio-4285, ¶ 72, citing *Barker* at 530; *see also Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). None of the four factors, however, is individually determinative of whether the defendant's constitutional speedy-trial rights has been

violated. Rather, the factors must be considered collectively. *Barker* at 533. Moreover, courts need not even consider the factors where there is no showing that the delay is presumptively prejudicial; that is, the delay must be presumptively prejudicial in order to trigger the balancing test analysis. *Id*. at 530; *Doggett* at 651-652. The *Doggett* Court also noted that a delay approaching one year generally becomes "presumptively prejudicial." *Doggett* at 652, fn. 1.

{¶ 15} Both Skaggs and the State filed briefs in support of their respective positions. Skaggs argues that the State was negligent when it failed to enforce the active 2010 warrant when Skaggs was stopped by law enforcement in 2014. In other words, Skaggs argues that the delay in prosecuting Skaggs violated her constitutional right to a speedy trial. On the other hand, the State contends that any delay in prosecuting Skaggs was due to her own failure to appear in the 2010 cases and in the 2014 cases. The State relies heavily on the fact that the delay was occasioned by the improper act of Skaggs. We agree with the State's assessment.

{¶ 16} In this case, although the three-year delay is presumptively prejudicial so as to trigger consideration of the *Barker* factors, that delay resulted from Skaggs's own failure to appear for hearings. We note that a presumptively prejudicial delay, while adequate to trigger review of the other *Barker* factors, may nonetheless be entitled to "negligible" weight where the delay does not implicate extended pretrial incarceration or disruption by unresolved charges. *State v. Owens*, 2d Dist. Montgomery No. 23623, 2010-Ohio-3353, ¶ 9, quoting *State v. Triplett*, 78 Ohio St.3d 566, 569, 679 N.E.2d 290 (1997). Here, Skaggs was not incarcerated in 2010 nor in 2014 as a result of the charges from either case. Thus, even though the delay was lengthy, we find it to be "negligible".

{¶ 17} In addition, the other *Barker* factors do not weigh in Skaggs's favor. For instance, while Skaggs filed a motion to dismiss on the grounds of a speedy-trial violation (third factor-

timely assertion of her rights), the second factor—reason for the delay—is attributable to Skaggs for failing to appear as ordered. Skaggs argues that the State was negligent in its execution of the warrant when she was stopped by law enforcement in 2014. However, the wrongdoing falls upon Skaggs who disregarded court orders to appear for her hearings. We refuse to condone this behavior.

{¶ 18} With regards to the fourth *Barker* factor, actual prejudice, we note that three types exist: (1) pretrial incarceration on the charges at issue, (2) anxiety and concern about the charges, and (3) the possibility of an impaired defense due to fading memories and the loss of evidence. *Owens* at ¶ 15. Here, Skaggs was not subjected to pretrial incarceration during the three-year delay that she complains violated her rights to speedy trial. Obviously, Skaggs did not have any anxiety and concern about the charges as she failed to appear to deal with the charges in 2010 and again failed to appear on her new charges in 2014. Finally, nothing from the record suggests any impairment to her defense.

{¶ 19} After a de novo review of the trial court's application of the law to the facts, we overrule Skaggs's sole assignment of error.

## IV. Conclusion

{¶ 20} Having found no merit to Skaggs's constitutional speedy-trial argument, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. and Abele, J.: Concur in Judgment and Opinion.


For the Court

By:_____
Marie Hoover, Presiding Judge



**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.