DECISION AND JUDGMENT ENTRY
{¶ 1} Craig R. Boyd appeals the Ross County Common Pleas Court's denial of his motion to dismiss the indictment. He contends the 17-month delay between the indictment and his arrest violated his constitutional right to a speedy trial. However, after carefully balancing the factors set forth in Barker v. Wingo (1972), 407 U.S. 514, 530, 92 S.Ct. 2182,33 L.Ed.2d 101, we conclude the postindictment delay did not violate Boyd's speedy trial rights in light of the fact that he suffered no prejudice to his ability to defend himself. Thus, we affirm the trial court's judgment.
 {¶ 2} On April 19, 2002, the grand jury indicted Boyd for possession of cocaine and aggravated possession of drugs, both fifth degree felonies. That same day, a warrant was issued for Boyd's arrest. Sergeant Tracy Pinkerton of the Ross County Sheriff's Office processed the indictment and warrant and the information was entered into the LEADS system. However, the Sheriff's Office made no attempt to serve the warrant on Boyd.
 {¶ 3} Boyd was not arrested on the outstanding warrant until September 23, 2003, when he was stopped for a minor traffic violation. Subsequently, he filed a motion to dismiss the indictment on speedy trial grounds.
 {¶ 4} In June 2004, the trial court held a hearing on Boyd's motion. At the hearing, Boyd testified that he was unaware of the indictment against him. He testified that he lived at the Columbus address listed in the warrant until late May 2002. At that time, he moved to his current residence in West Portsmouth. Boyd testified that the utilities for the West Portsmouth residence are in his name.
 {¶ 5} Sergeant Pinkerton also testified at the hearing. She testified that she processed the indictment and warrant on April 19, 2002. The information was then entered into the LEADS system. Sergeant Pinkerton testified that the Ross County Sheriff's Office made no effort to serve the warrant other than placing the information in the LEADS system.
 {¶ 6} At the end of the hearing, the trial court found that the 17-month delay between the indictment and arrest was presumptively prejudicial. However, after considering the relevant factors, the court concluded that the delay did not violate Boyd's constitutional right to a speedy trial. Thus, the trial court denied Boyd's motion to dismiss the indictment. Boyd subsequently entered a no contest plea to the charges and the trial court convicted him of possession of cocaine and aggravated possession of drugs. In August 2004, the court sentenced Boyd to five years of community control on each count, to be served concurrently. Boyd now appeals and raises the following assignment of error: "The trial court erred in overruling the defendant's motion to dismiss."
 {¶ 7} Boyd contends the court erred in denying his motion to dismiss the indictment because the 17-month delay between his indictment and arrest violated his constitutional right to a speedy trial.
 {¶ 8} Appellate review of speedy trial issues involves a mixed question of law and fact. State v. Jones (June 4, 1996), Ross App. No. 95CA2128; State v. Kinney (Oct. 3, 1996), Ross App. No. 96CA2176. We afford due deference to the trial court's findings of fact if they are supported by competent, credible evidence. State v. Hiatt (1997),120 Ohio App.3d 247, 261, 697 N.E.2d 1025. However, we independently review whether the trial court correctly applied the law to the facts of the case. State v. Brown (1998), 131 Ohio App.3d 387, 391,722 N.E.2d 594.
 {¶ 9} The Sixth Amendment to the United States Constitution guarantees an accused in a criminal prosecution the right to a speedy trial. The Due Process Clause of the Fourteenth Amendment makes this provision applicable to the states. Klopfer v. North Carolina (1967), 386 U.S. 213,87 S.Ct. 988, 18 L.Ed.2d 1.
 {¶ 10} In analyzing whether an accused has been denied the constitutional right to a speedy trial, a court must consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) the accused's assertion of his right; and (4) prejudice to the accused.Barker v. Wingo (1972), 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101. None of these four factors is determinative of whether an accused suffered a violation of his constitutional right to a speedy trial. Id.
at 532. Instead, the court must consider the factors collectively. Id.
 {¶ 11} The United States Supreme Court has recognized that the first factor, length of the delay, involves a double inquiry. Doggett v.United States (1992), 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520. First, an accused must show that the length of the delay was "presumptively prejudicial" in order to trigger the Barker analysis. Id. at 651-52. Once the Barker analysis is triggered, length of delay, beyond the initial threshold showing, is again considered and balanced against the other relevant factors. Id. at 652.
 {¶ 12} In the present case, the grand jury indicted Boyd in April 2002. However, Boyd did not receive the warrant until September 2003. As the Doggett decision noted, courts generally find post-accusation delay to be "presumptively prejudicial" as it approaches one year. Doggett,505 U.S. 647, fn.1. In accordance with this general guideline, we agree with the trial court that the 17-month delay between Boyd's indictment and arrest was presumptively prejudicial, thus triggering the Barker
analysis.
 {¶ 13} We begin that analysis by revisiting the issue of the length of the delay. However, we will consider and discuss this factor together with the second factor, the reason for the delay.
 {¶ 14} The record reveals that the only step taken to serve the warrant on Boyd consisted of entering the information regarding the warrant into the LEADS system. The state does not allege that it sent a copy of the warrant to Columbus, where Boyd lived at the time of the indictment. Nor does the state allege that it attempted to locate Boyd at the address listed in the warrant. In its brief, the state points out that it "did not have a known address, at least not for sixteen of the seventeen month delay." This argument might be persuasive had the state actually attempted to locate Boyd. However, it is clear from the record that the state was not actively looking for Boyd. Other than entering the information into LEADS, the state made no effort to serve the warrant on Boyd.
 {¶ 15} There is nothing in the record to suggest that the state intentionally delayed Boyd's arrest. However, there can be no dispute that the state did not act as diligently as it could have in this case. The United States Supreme Court has recognized that different weights are to be assigned to different reasons for delay. Doggett, 505 U.S. at 657, citing Barker, 407 U.S. at 531. Concerning negligence, the Court stated: "Although negligence is obviously to be weighed more lightly than a deliberate intent to harm the accused's defense, it still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun. And such is the nature of the prejudice presumed that the weight we assign to official negligence compounds over time as the presumption of evidentiary prejudice grows. Thus, our toleration of such negligence varies with its protractedness * * * and its consequent threat to the fairness of the accused's trial. * * * To be sure, to warrant granting relief, negligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing such prejudice." Id. Although the state acted slowly in this case, we conclude the 17-month delay between indictment and arrest was not so protracted or intolerable as to warrant relief absent some particularized trial prejudice. See State v. Manley
(Aug. 6, 1997), Adams App. No. 97CA637 (Finding that the 29-month delay caused by the state's negligence was not so protracted or intolerable as to warrant relief absent some particularized trial prejudice.)
 {¶ 16} As for the third factor, Boyd did not assert his right to a speedy trial until after his arrest. However, we will not fault him for failing to assert his rights sooner since he had no knowledge of the indictment against him. Thus, we assign no weight to Boyd's failure to assert his speedy trial rights.
 {¶ 17} The final factor we must consider is the prejudice to the accused. In Barker, the United States Supreme Court identified three interests that the speedy trial right is designed to protect: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Barker, 407 U.S. at 532. The first two interests are not implicated here. Clearly, Boyd was not incarcerated during the 17-month delay. Moreover, since Boyd had no knowledge of the indictment against him, he could not have suffered anxiety and concern. As for the last interest, Boyd does not allege that the delay impaired his ability to defend himself.
 {¶ 18} Although the first two factors, length of the delay and reason for the delay, weigh slightly in Boyd's favor, the prejudice to Boyd is negligible. Carefully balancing the factors, we agree with the trial court's conclusion that Boyd did not suffer a violation of his constitutional right to a speedy trial. Accordingly, we overrule Boyd's assignment of error and affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. McFarland, J.: Concur in Judgment and Opinion.