OPINION
{¶ 1} Lancier L. Bailey appeals from his conviction and sentence following a no-contest plea to one count of cocaine possession.
 {¶ 2} In his sole assignment of error, Bailey contends the trial court erred in overruling a motion to dismiss his indictment based on a speedy trial violation.
 {¶ 3} The transcript of a hearing on Bailey's motion reveals that he was shot in both legs on November 29, 2002, in the course of an apparent drug deal. The shooting occurred outside of a residence at 38 N. Marion Street, where Bailey rented a room from his brother. While treating Bailey at the scene, paramedics discovered a baggie of cocaine in his possession. The paramedics then transported him to Miami Valley Hospital, where he remained until December 20, 2002. Upon his release, Bailey resided with his mother at 826 Uhrig Avenue in Dayton.
 {¶ 4} The day before Bailey's discharge from the hospital, he was indicted on one count of cocaine possession and a warrant was issued for his arrest. The indictment and warrant listed his address as "unknown." As a result, they were not immediately served on Bailey, who continued to reside at 826 Uhrig Avenue with his mother until sometime in 2003, when he moved to 804 Brooklyn Street in Dayton. Through an anonymous tip, police eventually located Bailey and arrested him on May 10, 2004. At that time, he was staying at an area Econo Lodge motel in a room that he had rented for a short time.
 {¶ 5} At the hearing on his motion, Bailey denied any attempt to conceal his whereabouts from police. In fact, he denied even knowing about the indictment, the warrant, or the paramedics' discovery of cocaine in his possession. Bailey's theory was that his unidentified assailant must have planted the cocaine on him. Bailey also testified that a municipal court employee had informed him that no outstanding warrants existed when he paid a jaywalking fine in May, 2003. He admitted, however, that a few days before his arrest, his mother had been stopped by the police while driving a car registered in his name. Bailey testified that after the stop his mother told him she thought the police were looking for him. As noted above, he was arrested just days later.
 {¶ 6} On May 27, 2004, Bailey moved to dismiss his indictment, arguing that the State had violated his right to a speedy trial under the Sixth
Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Applying the familiar four-part test set forth inBarker v. Wingo (1972), 407 U.S. 514, the trial court filed a decision and entry finding no violation of Bailey's speedy trial right. Thereafter, Bailey entered a no-contest plea, and the trial court sentenced him to five years of community control. This timely appeal followed.
 {¶ 7} Bailey's sole argument on appeal is that the trial court erred in overruling the motion to dismiss his indictment. In support of his speedy trial claim, Bailey's appellate brief cites Ohio's speedy trial statute, R.C. § 2945.71, as well as the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. We note, however, that Bailey failed to raise a statutory speedy trial claim in the trial court. As a result, he waived that aspect of his claim, and we need not address it on appeal. See, e.g., State v. Butler
(April 26, 1988), Franklin App. No. 87AP-240 (recognizing that "the statutory speedy-trial right conferred by R.C. 2945.71, et seq., is not a jurisdictional matter but, rather, is one that is waived unless raised by motion prior to the commencement of the trial").
 {¶ 8} With regard to his constitutional speedy trial claim, Bailey challenges the nearly seventeen-month delay between his December 19, 2002, indictment and his May 10, 2004, arrest. In order to determine whether this delay violated his speedy trial rights, it is necessary to balance and weigh the conduct of the prosecution and the defendant by examining four factors: (1) the length of the delay; (2) the reason for the delay; (3) Bailey's assertion of his speedy trial right; and (4) the prejudice to Bailey as a result of the delay. Barker, supra, at 530;Doggett v. United States (1992), 505 U.S. 647, 651.
 {¶ 9} When conducting its review of the foregoing factors, the trial found the seventeen-month delay at issue to be significant, but nevertheless held that this factor weighed only negligibly in Bailey's favor. In so ruling, the trial court emphasized that Bailey's life was not at all disrupted by the pending indictment because he admittedly was unaware of it before his arrest. The trial court next addressed the reason for the delay and attributed it to negligence or a "lack of communication" on the part of the State. Although the State had more than one possible address for Bailey, the trial court found no diligent effort to locate him anywhere. The trial court also determined that Bailey could have been found sooner if the State had made a reasonable effort to do so. As a result, the trial court weighed this factor slightly in his favor. With regard to Bailey's assertion of his speedy trial right, the trial court found that this factor did not weigh in favor of either party. In reaching its conclusion, the trial court acknowledged Bailey's testimony that he was unaware of the pending indictment before his arrest. The trial court also noted, however, that Bailey's mother had informed him that the police were looking for him. Finally, the trial court concluded that the fourth factor weighed strongly in favor of the State. In support, the trial court rejected Bailey's argument that the State's delay in arresting him on the warrant had hampered his ability to defend against the charge. After balancing each of the foregoing considerations, the trial court found no violation of Bailey's constitutional speedy trial right.
 {¶ 10} On appeal, Bailey challenges the trial court's balancing and weighing of the four Barker factors. With regard to the length of the delay, he claims the trial court erred in relying on State v. Triplett
(1997), 78 Ohio St.3d 566, to find that this factor weighed only negligibly in his favor. We disagree. In Triplett, the Ohio Supreme Court recognized that the first Barker factor, the length of the delay, performs a gate-keeping function, insofar as a delay approaching one year typically is required to establish "presumed prejudice," the existence of which is necessary to trigger an inquiry into the other three factors.Triplett, supra, at 569; Barker, supra, at 530. The Triplett court concluded that a fifty-four-month delay was more than adequate to trigger a review of the other three factors. After finding that this lengthy delay was sufficient to warrant a full four-part Barker analysis, theTriplett court added:
 {¶ 11} "However, the delay in this case, while significant, did not result in any infringement on Triplett's liberty. In fact, according to her own testimony, she was completely ignorant of any charges against her. The interests which the Sixth Amendment was designed to protect — freedom from extended pretrial incarceration and from the disruption caused by unresolved charges — were not issues in this case. Therefore, while the first factor does technically weigh in Triplett's favor, its weight is negligible." Id. at 569.
 {¶ 12} The trial court reached the same conclusion in the present case. It found that the seventeen-month delay between Bailey's indictment and arrest was sufficiently long to trigger a review of the other threeBarker factors. Relying on Triplett, however, the trial court then held that the delay itself favored Bailey only negligibly given his admission that he had no knowledge of the indictment before his arrest.
 {¶ 13} Bailey argues that the trial court erred in relying onTriplett because it is distinguishable. He stresses that the Triplett
court found the defendant responsible for the delay, whereas Bailey contends he did not cause the delay in his case. This argument is unpersuasive, however, as it improperly mixes the Barker factors. The trial court relied on Triplett to find that the first factor, the length of the delay, weighed only negligibly in Bailey's favor. His argument about the reason for the delay concerns the second factor. Given that the trial court did not rely on Triplett in its analysis of the secondBarker factor, Bailey has failed to demonstrate error. Upon review, we agree with the trial court that, under Triplett, the length of the delay in this case weighed only negligibly in Bailey's favor, even though the delay was sufficiently long to warrant an inquiry into the remaining three Barker factors.
 {¶ 14} With regard to the next factor, the reason for the delay, the record supports the trial court's finding that the State bore primary responsibility through its negligence or "lack of communication." One of the three addresses known to police was 826 Uhrig Avenue, where Bailey resided with his mother following his release from Miami Valley Hospital the day after his indictment. As the trial court properly noted, however, the record is devoid of evidence that the State ever attempted to serve the warrant at that address or to take any other action to locate Bailey before May 10, 2004. Although such governmental negligence does not weigh as heavily as a deliberate attempt to delay a trial, "it still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun." Doggett, supra, at 657. Moreover, the record contains no evidence establishing that Bailey knew, until very shortly before his arrest, that police were searching for him. As a result, we agree with the trial court's finding that the second factor, the reason for the delay, weighs in his favor.
 {¶ 15} The next factor under Barker concerns whether and how Bailey asserted his speedy trial right. During the seventeen-month delay at issue, Bailey never asserted his speedy trial right. A failure to do so ordinarily makes it difficult for a defendant to establish a constitutional speedy trial violation. Barker, supra, at 532. Notably, however, Bailey testified that he was unaware of the indictment throughout the seventeen-month period. Although the trial court expressed some skepticism, it credited this aspect of Bailey's testimony. Thus, his failure to raise the speedy trial issue during the seventeen-month delay cannot be weighed against him. State v. Tharp (June 22, 1994), Montgomery App. No. 14155.
 {¶ 16} The final Barker factor requires us to consider the prejudice to Bailey as a result of the seventeen-month delay between his indictment and arrest. In Barker and Doggett, the Supreme Court identified three types of prejudice that may arise from a lengthy delay: (1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; and (3) the possibility that the accused's defense will be impaired by dimming memories and the loss of exculpatory evidence. Barker, supra, at 532;Doggett, supra, at 654. In the present case, the first two types of prejudice are not implicated because Bailey was not incarcerated during the seventeen-month period and he denied any knowledge of the indictment during that time. He argues, however, that the delay prejudiced his ability to defend against the cocaine possession charge. Bailey's theory is that the cocaine discovered in his possession was planted on him by the unidentified person who shot him. In the trial court, Bailey reasoned that he was prejudiced by the delay because if he had been apprised of the caliber of the gun used, he might have been able to ascertain the identity of the shooter.
 {¶ 17} Upon review, we conclude that Bailey's argument fails to raise even a colorable claim of prejudice resulting from the seventeen-month delay. We fail to see how the existence of delay in his discovery of the weapon's caliber would preclude him from ascertaining the particular model and probable owner of the firearm. Although the record does not reveal the caliber of the weapon used, the State either possessed this information or it did not. If the State did possess the information, it would have remained just as accessible at the time of Bailey's arrest as it had been at the time of his indictment. On the other hand, if the State did not possess this information, then Bailey could not have discovered it even if he had been arrested immediately after his indictment. Moreover, Bailey's entire claim that he might have determined both the specific model of the gun used and the identity of the shooter merely by knowing the caliber of the bullet that shot him borders on incredible.
 {¶ 18} Bailey also argues generally that his memory of events on the night in question has been impaired by the passage of time. At the hearing on his motion, however, Bailey explained that he had heard gunshots but could not tell where they came from. If this is true, then the passage of time did not impair Bailey's memory of the one issue central to his defense: the identity of the person who shot him. Because he never knew this information, the passage of time could not have caused him to forget it.
 {¶ 19} Although we concur in the trial court's conclusion that Bailey did not demonstrate any actual prejudice, this does not end our inquiry. "[A]ffirmative proof of particularized prejudice is not essential to every speedy trial claim." Doggett, supra, at 655. When considered as "part of the mix of relevant facts," the presumptive prejudice that arises from a lengthy delay may be sufficient to support a finding of a speedy trial violation. Id. at 656. We note, however, that "to warrant granting relief, [governmental] negligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing prejudice." Id. at 657. Thus, where delay attributable to the negligence of the State is more than one year (i.e., "presumptively prejudicial" under the first Barker factor) but not exceedingly long like the eight-and-one-half years at issue in Doggett, courts sometimes decline to find a speedy trial violation absent actual prejudice to the defendant.
 {¶ 20} In State v. Boyd, Ross App. No. 04CA2790, 2005-Ohio-1228, for example, the Fourth District Court of Appeals recently found no speedy trial violation where a seventeen-month delay between a defendant's indictment and arrest was attributable to prosecutorial negligence and no actual prejudice was found. In support of this conclusion, the Boyd court reasoned: "Although the state acted slowly in this case, we conclude the seventeen-month delay between indictment and arrest was not so protracted or intolerable as to warrant relief absent some particularized trial prejudice." Id. at ¶ 15. This is essentially the same conclusion reached by the trial court below based on its own balancing and weighing of the four Barker factors.
 {¶ 21} Although Bailey cites cases that might support a contrary conclusion, Barker imposes a standard that "necessarily compels courts to approach speedy trial cases on an ad hoc basis." Barker, supra, at 530. We note too that a trial court's analysis of the Barker factors is reviewed for an abuse of discretion given the "difficult and sensitive" nature of the process. State v. Jackson (Jan. 24, 1997), Montgomery App. No. 15723; State v. Davis (July 18, 1997), Montgomery App. No. 16050. Here the trial court's findings are supported by the record, and we find no abuse of discretion. Indeed, our own review of the Barker factors leads us to conclude that Bailey's constitutional speedy trial rights were not violated. Accordingly, we overrule his assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.
Judgment affirmed.
Fain, J., and Grady, J., concur.