[Cite as *State v. Johnson*, 2012-Ohio-4082.]

## IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2011CA0079 |
| vs. | : | T.C. CASE NO. 2011CR0029 |
| BRIAN JOHNSON | : | |
| Defendant-Appellant | : | |

· · · · · · · · ·

## O P I N I O N

**Rendered on the 7th day of September, 2012.**

· · · · · · · · ·

**Lisa M. Fannin, Atty. Reg. No. 0082337, 50 E. Columbia St., Springfield, Ohio 45502**
     **Attorney for Plaintiff-Appellee**

**Brett A. Rinehart, Atty. Reg. No. 0081226, 150 N. Limestone St., Suite 206, Springfield, Ohio 45502**
     **Attorney for Defendant-Appellant**

· · · · · · · · ·

**GRADY, P.J.:**

{¶ 1} Defendant Brian Johnson appeals from his conviction and sentence for possession of less than one gram of heroin, R.C. 2925.11(A), a felony of the fifth degree.

{¶ 2} In January 2011, Springfield Police Officers Fredendall and Garman conducted a traffic stop of a vehicle in which they believed Defendant's seventeen-year-old son was

riding. Defendant's son had an outstanding warrant for his arrest, and he had been reported missing by his grandmother. Defendant was a passenger in the vehicle but his son was not.

**{¶ 3}** The officers asked the driver and Defendant a few questions about the young man's whereabouts. Almost immediately, the female driver began gesturing to the console. Not sure what information she was trying to convey, Officer Garman removed Defendant from the vehicle for safety reasons. The driver then told Officer Fredendall, "He [Defendant] has a drug problem. I have just taken him to buy heroin. It's right there underneath that cup." Officer Fredendall looked under the cup and found heroin. She placed Defendant under arrest.

**{¶ 4}** Defendant was indicted on one count of possession of less than one gram of heroin. He filed a motion to suppress, which the trial court overruled following a hearing. A jury found Defendant guilty of the charge, and the trial court sentenced him to nine months incarceration. Defendant filed a timely notice of appeal.

**{¶ 5}** Appellate counsel filed an *Anders* brief, *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493 (1967), stating that he could find no potentially meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

**{¶ 6}** Defendant's appellate counsel has identified the following possible issue for appeal:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN OVERRULING APPELLANT'S MOTION TO SUPPRESS."

{¶ 7} Although appellate counsel suggests an assignment of error, he offers no explanation either of why Defendant's motion to suppress might have been overruled or why he believes the assignment of error has no arguable merit.

{¶ 8} In overruling the motion to suppress, the trial court made three findings. First, the court found that the stop of the vehicle in which Defendant was riding was constitutionally permissible because the officers had a reasonable, articulable suspicion of criminal activity. Specifically, the officers reasonably believed that Defendant's son was in the vehicle, and they knew that there was an outstanding warrant for the young man's arrest and that his grandmother had reported him missing. That finding is supported by the record.

{¶ 9} Second, the court found that the officers were permitted to remove Defendant from the vehicle under the authority of *Maryland v. Wilson,* 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997) and *Pennsylvania v. Mimms*, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). However, that did not implicate the legality of the search of the vehicle.

{¶ 10} Third, the court found that Defendant lacked standing to challenge the legality of the search of the driver's vehicle because he had no legitimate expectation of privacy in the vehicle in which he was merely a passenger. A passenger has standing to challenge a stop of a vehicle because the passenger is likewise seized. *Brendlin v. California*, 551 U.S. 249, 127 S. Ct. 2400, 168 L.Ed.2d 132 (2007). But a passenger must possess a legitimate expectation of privacy in the vehicle or its contents in order to challenge a search following a legal stop. *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). To satisfy that

standard, the passenger must demonstrate a violation of his own protected privacy interest. The record fails to demonstrate that defendant possessed such an interest in the vehicle or in the heroin police seized. Any claim that he did would be frivolous.

{¶ 11} We conclude that appellate counsel's proposed assignment of error has no arguable merit.

{¶ 12} In addition to reviewing the possible issue for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and find no error having arguable merit. Accordingly, Defendant's appeal is without merit, and the judgment of the trial court will be Affirmed.

Froelich, J., And Hall, J., concur.

Copies mailed to:

Lisa M. Fannin, Esq.

Brett A. Rinehart, Esq.

Hon. Douglas M. Rastatter