[Cite as *State v. Johnson*, **2013-Ohio-4077.**]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### GREENE   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-1 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10-CR-678 |
| v. | : | |
| | : | |
| BRIAN E. JOHNSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of September, 2013.

. . . . . . . . . . .

STEPHEN K. HALLER, Atty. Reg. #0009172, by STEPHANIE R. HAYDEN, Atty. Reg. #0082881, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
Attorneys for Plaintiff-Appellee

ANN M. CURRIER, Atty. Reg. #0082305, Gorman, Veskauf, Henson & Wineberg, 4 West Main Street, Suite 723, Springfield, Ohio 45502
Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.,

{¶ 1}     Brian E. Johnson appeals from his conviction and sentence following a guilty

plea to four counts of felony non-support of dependents.

{¶ 2}   In two related assignments of error, Johnson contends (1) his constitutional speedy-trial rights were violated by a delay between his indictment and service of the indictment and (2) his attorney provided ineffective assistance by not advising him of the speedy-trial violation prior to his guilty plea, thereby rendering the plea not knowing, intelligent, and voluntary.

{¶ 3}   The record reflects that Johnson was indicted on five counts of felony non-support of dependents on December 22, 2010. He was served with a warrant and the indictment almost fourteen months later on February 10, 2012. Pursuant to a negotiated plea agreement, he ultimately pled guilty to four of the five charges. The trial court imposed an aggregate three-year prison sentence. This appeal followed.

{¶ 4}   As set forth above, Johnson claims the nearly fourteen-month delay between his indictment and service of the indictment violated his constitutional right to a speedy trial.[1] Although a guilty plea waives a defendant's ability to assert a *statutory* speedy-trial violation on appeal,[2] Ohio courts have reached different conclusions as to whether the same rule applies to alleged *constitutional* speedy-trial violations. The Eighth District Court of Appeals has held that a guilty plea does not waive a defendant's ability to raise a constitutional speedy-trial violation on appeal. *State v. Kutkut*, 8th Dist. Cuyahoga No. 98479, 2013-Ohio-1442, ¶9; *State v. King*, 184

---

[1] In his appellate brief, Johnson inaccurately refers to the delay as being "over two years."

[2] *See State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), syllabus; *Village of Montpelier v. Greeno*, 25 Ohio St.3d 170, 172, 495 N.E.2d 581 (1986) ("We are in agreement with the legion view that generally a guilty plea waives a defendant's right to raise the statutory right to a speedy trial on appeal.").

Ohio App.3d 226, 2009-Ohio-4551, 920 N.E.2d 399, ¶10 (8th Dist.).[3] The First District Court of Appeals has reached a contrary conclusion. *State v. West*, 134 Ohio App.3d 45, 52, 730 N.E.2d 388 (1st Dist.1999). This court has reached both conclusions. *State v. Hawkins*, 2d Dist. Greene No. 98CA6, 1999 WL 197932, *4 (April 9, 1999) ("Because a plea of guilty waives the defendant's right to trial, it necessarily also waives any claim that the defendant was denied his statutory and constitutional rights to a speedy trial."), citing *Clark v. Maxwell*, 177 Ohio St. 49, 50, 201 N.E.2d 882 (1964); *State v. Ellis*, 2d Dist. Montgomery No. 18092, 2001 WL 28665, *1 (Jan. 12, 2001) ("The State points out, correctly, that Ellis' guilty plea waived his right to challenge his conviction for a violation of the speedy trial requirements imposed by R.C. 2945.71(B)(2)."). *State v. Cordell,* 2d Dist. Greene No. 2009 CA 57, 2010-Ohio-5277, ¶8 ("The second 'potential assignment of error' is 'whether appellant was denied speedy trial rights.' * * * [T]here is nothing in the record reflecting any possible constitutional speedy trial violation for pre-indictment delay. Furthermore, the plea of guilty effectively waived any such challenge.").

---

[3]According to *King*, "the Ohio Supreme Court has held that a defendant who enters a guilty plea does not waive her constitutional right to a speedy trial." *King* at ¶10. In support of this proposition, the Eighth District cited one of its earlier opinions, *State v. Branch*, 9 Ohio App.3d 160, 162, 458 N.E.2d 1287 (8th Dist.1983). The only Ohio Supreme Court opinions mentioned in the relevant portion of *Branch* are *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979), and *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980). Neither *Wilson* nor *Pachay* held that a guilty plea does not waive a constitutional speedy-trial claim.

Wilson was not a speedy-trial case at all. The issue there was whether the defendant could challenge the constitutionality of the statute under which he was prosecuted despite his guilty plea. The Ohio Supreme Court held that the plea did not preclude the challenge. It reasoned that a guilty plea does not waive constitutional challenges to the validity of a statute relied on to convict a defendant. *Wilson* at 54-55. In reaching this conclusion, *Wilson* cited *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), which held that a defendant's rights under the Double Jeopardy Clause are not waived by a guilty plea. In *Greeno*, 25 Ohio St.3d 172, 495 N.E.2d 581, the Ohio Supreme Court subsequently reasoned that the rationale of *Menna* did not extend to speedy-trial violations. Although *Greeno* was a statutory speedy-trial case, it cited favorably to federal case law addressing constitutional speedy-trial claims as well.

The other Ohio Supreme Court opinion cited in the relevant portion of *Branch* is *Pachay*, which was a speedy-trial case. The issue there, however, was whether Ohio's speedy-trial statutes constituted an unlawful usurpation of judicial power. *Pachay* said nothing about whether a guilty plea waives a constitutional speedy-trial claim.

{¶ 5} Although there is support for the proposition that a guilty plea waives both statutory and constitutional speedy-trial claims,[4] this court has recognized a potential exception when a speedy-trial claim is raised in the context of ineffective assistance of counsel. *See State v. Johnson*, 2d Dist. Clark No. 2000-CA-46, 2001 WL 1636316, *2 (Dec. 21, 2001), citing *Greeno* at 172, fn. 5.[5] We have stated that "[a] plea of guilty waives any claim that the accused was prejudiced by ineffective assistance of trial counsel, except to the extent that the ineffectiveness alleged may have caused the guilty plea to be less than knowing, intelligent, and voluntary." *State v. Stivender*, 2d Dist. Montgomery No. 23973, 2011-Ohio-247, ¶15. Likewise, Johnson's argument here is that his guilty plea was not made knowingly, intelligently, and voluntarily because his attorney rendered ineffective assistance by not advising him of a constitutional speedy-trial violation. Nevertheless, even assuming, arguendo, that this issue was not extinguished by Johnson's guilty plea, we find no basis for reversal.

{¶ 6} To prevail on his ineffective-assistance claim, Johnson must show that his attorney's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice

---

[4] This conclusion is consistent with older Ohio Supreme Court cases and federal case law. *See, e.g., Clark v. Maxwell*, 177 Ohio St. 49, 50, 201 N.E.2d 882 (1964) ("It is well settled that the [constitutional] right to a speedy trial must be claimed, and a failure to urge such right or plea of guilty constitutes a waiver thereof."); *Partsch v. Haskins*, 175 Ohio St. 139, 141, 191 N.E.2d 922 (1963) ("[E]ven assuming petitioner had made a demand for a speedy trial, when he entered his plea of guilty in 1961, it amounted to a withdrawal of such demand and waived his right to insist on the constitutional provisions relating to a speedy trial."); *United States. v. Gonzalez*, 3d Cir. No. 10-1521, 2012 WL 1059896 (Mar. 30, 2012) ("A speedy trial argument would necessarily be frivolous because Gonzalez's guilty plea waived both statutory and constitutional speedy trial claims."); *United States v. Wilson*, 11th Cir. No. 07-15819, 2008 WL 4228400 (Sept. 17, 2008) ("To the extent Wilson challenges his conviction on constitutional speedy trial grounds, the entry of his guilty plea waived any violation of his right to a speedy trial."); *United States v. Davis*, 4th Cir. No. 06-4346, 2007 WL 1799714 (June 15, 2007) ("[B]oth the constitutional and the statutory right to a speedy trial are non-jurisdictional and are, therefore, waived by an unconditional and voluntary guilty plea.").

[5] While recognizing that a statutory speedy-trial claim is waived by a guilty plea, the Ohio Supreme Court opined in footnote five of *Greeno* that "a more colorable claim would be made if issues of ineffective counsel, involuntary plea, coercive plea bargain, etc. were present."

exists where "there is a reasonable probability that, but for counsel's deficient performance, the outcome would have been different." *Id.* at 694. In the present context, Johnson must establish a reasonable probability that the trial court would have sustained a motion to dismiss on constitutional speedy-trial grounds. On the record before us, he has not made such a showing.

{¶ 7} To determine whether a constitutional speedy-trial violation exists "it is necessary to balance and weigh the conduct of the prosecution and the defendant by examining four factors: (1) the length of the delay; (2) the reason for the delay; (3) [d]efendant's assertion of his speedy trial rights; and (4) the prejudice to [d]efendant as a result of the delay." *State v. Ferguson*, 2d Dist. Clark No. 08CA0050, 2011-Ohio-4285, ¶72, citing *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Proper "resolution of a [constitutional] speedy trial claim necessitates a careful assessment of the particular facts of the case." *United States v. MacDonald*, 435 U.S. 850, 858, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978).

{¶ 8} In light of Johnson's guilty plea, the record contains few pertinent facts. The absence of a developed record makes it difficult for him to establish a reasonable probability that a constitutional speedy-trial claim would have prevailed below. We do know that the length of the delay at issue was roughly fourteen months. Although this is enough to be "presumptively prejudicial," thereby triggering a full *Barker* analysis, such a delay still may be entitled "negligible weight" where the interests the Sixth Amendment protects, namely freedom from extended pretrial incarceration and from disruption caused by unresolved charges, are not implicated. *State v. Owens*, 2d Dist. Montgomery No. 23623, 2010-Ohio-3353, ¶9, quoting *State v. Triplett*, 78 Ohio St.3d 566, 569, 679 N.E.2d 290 (1997).

{¶ 9} The record does not reveal the reason for the fourteen-month delay. Johnson admits in his appellate brief that "it is unclear precisely what resulted in the delay." (Appellant's

brief at 12).[6] We certainly see nothing to indicate that the delay was attributable to any government action or lack thereof. Johnson also never asserted his speedy-trial right, even after service of the indictment. With regard to actual prejudice, we note that three types exist: (1) pretrial incarceration on the charges, (2) anxiety and concern about the charges, and (3) the possibility of an impaired defense due to fading memories and the loss of evidence. *Owens* at ¶15. The record before us does not indicate that Johnson experienced any such prejudice. He was not in jail on the charges at issue, he admits not knowing about the charges during the fourteen-month delay, and nothing suggests any impairment to his defense.

{¶ 10} Under similar circumstances in *Owens*, this court found no constitutional speedy-trial violation. *Owens* involved a little more than a twelve-month delay between a defendant's indictment and service of the indictment. *Owens* at ¶8. As in the present case, Owens was unaware of the pending charges during that time. *Id.* at ¶10. This court attributed the delay to at most governmental negligence. *Id.* at ¶11. As in the present case, the defendant never asserted his speedy-trial right during the delay because he was unaware of the charges. *Id.* at ¶14. He timely asserted his speedy-trial right, however, after being served with the indictment (which is what Johnson claims his attorney should have done). Finally, as in the present case, the record revealed no actual prejudice to the defendant. *Id.* at ¶15. Under such circumstances, this court reasoned:

> The disputed period of delay in Owens' case is approximately one year, which barely even reaches the threshold needed to trigger a full *Barker* analysis.

---

[6] Perhaps part of the delay was the nine-month prison sentence he was serving from his 2011 conviction which we upheld in *State v. Johnson*, 2d Dist. Clark No. 2011CA0079, 2012-Ohio-4082.

While this delay weighs in his favor, we explained above that its weight is negligible because the interests the Sixth Amendment protects were not implicated in this case. The record also does not suggest that the delay was due to anything worse than prosecutorial negligence. Finally, although Owens timely asserted his speedy trial right, the record contains no evidence of any actual prejudice as a result of the challenged delay. Owens' hearing testimony indicates an absence of prejudice. On these facts, as in *[State v. Bailey*, 2d Dist. Montgomery No. 20764, 2005-Ohio-5506]*, our review of the *Barker* factors leads us to conclude that Owens' Sixth Amendment speedy trial right was not violated.

*Id.* at ¶17.

{¶ 11} Having compared the limited record before us to the facts of *Owens*, we do not find a reasonable probability that the trial court would have sustained a motion to dismiss on constitutional speedy-trial grounds if Johnson's counsel had raised the issue. Therefore, he cannot show prejudice due to his attorney's failure to advise him of the issue or raise it below. In the absence of such a showing, Johnson's ineffective-assistance-of-counsel claim fails.

{¶ 12} Based on the reasoning set forth above, we overrule both assignments of error and affirm the judgment of the Greene County Common Pleas Court.

. . . . . . . . . . . . .

FAIN, P.J., and DONOVAN, J., concur.

Copies mailed to:

Stephen K. Haller

Stephanie R. Hayden
Ann M. Currier
Hon. Michael A. Buckwalter