[Cite as *State v. Sherrer*, 2016-Ohio-3198.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-40 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-565 |
| | : | |
| NICOLE L. SHERRER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 27th day of May, 2016.

. . . . . . . . . .

ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Greene County Prosecuting Attorney, 55 Greene Street, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee

BRADLEY R. HOYT, Atty. Reg. No. 0014600, 7577 Central Park Boulevard, Suite 216, Mason, Ohio 45040
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Nicole L. Sherrer, appeals from her conviction and

sentence in the Greene County Court of Common Pleas after she pled guilty to three counts of trafficking heroin. Sherrer contends her constitutional rights to a speedy trial and due process were violated by prosecutorial delay. She also contends the trial court erred in failing to impose the prison sentence agreed to by the parties as part of her plea agreement, and by improperly applying R.C. 2929.12 at sentencing. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} Following an ongoing investigation by the A.C.E. Task Force, on October 13, 2014, the Greene County Grand Jury returned a nine-count indictment charging Sherrer with three counts of trafficking heroin, four counts of possessing heroin, one count of trafficking cocaine, one count of money laundering, and three forfeiture specifications. The charges stemmed from allegations that Sherrer engaged in multiple controlled drug transactions with a confidential informant on October 22 and 28, 2013, November 26, 2013, and from the execution of a search warrant at Sherrer's residence on December 10, 2013.

{¶ 3} Sherrer initially pled not guilty to the charges and subsequently filed various pretrial motions, including a January 12, 2015 motion to dismiss for lack of speedy trial and several amendments to that motion. As part of that motion, Sherrer claimed her constitutional rights to a speedy trial and due process were violated by the State's pre and post-indictment delay in prosecuting her case.

{¶ 4} On February 18, 2015, the trial court held a hearing on Sherrer's motion to dismiss. However, before a decision was rendered, on April 23, 2015, Sherrer pled guilty to two first-degree-felony counts of trafficking heroin and one third-degree-felony count of

trafficking heroin, all in violation of R.C. 2925.03(A)(1). Sherrer also admitted to the three forfeiture specifications. In exchange for her plea, the State agreed to dismiss the remainder of the charges and to recommend a prison sentence of eight years. As part of the plea agreement, Sherrer also agreed to pay $500 for the laboratory analysis of the evidence and $2,300 in restitution to the A.C.E. Task Force.

{¶ 5} On June 18, 2015, the trial court sentenced Sherrer to an aggregate prison sentence of ten years as opposed to the recommended eight years. Sherrer was also ordered to pay a mandatory $10,000 fine, $500 for the laboratory analysis, and $2,300 in restitution to the A.C.E. Task Force. Sherrer now appeals from her conviction and sentence, raising two assignments of error for review.

### First Assignment of Error

{¶ 6} Sherrer's First Assignment of Error is as follows:

THE TRIAL COURT ERRED BY NOT GRANTING APPELLANT'S MOTION

TO DISMISS FOR LACK OF SPEEDY TRIAL.

{¶ 7} Under her First Assignment of Error, Sherrer claims her constitutional rights to a speedy trial and due process were violated. With respect to her speedy-trial claim, Sherrer alleges that between October 2013 and December 2013, several complaints were filed against her in the Fairborn Municipal Court for the offenses at issue and that her speedy-trial time should have begun to run from that period, not from the date of her October 13, 2014 indictment in the common pleas court. Accordingly, Sherrer alleges that there was a post-accusation delay of over a year, which she contends is presumptively prejudicial. As for her due process claim, Sherrer contends she suffered substantial prejudice as a result of the State's delay in commencing the prosecution of

her offenses, because it prevented her from identifying and accessing a witness. We disagree with both of Sherrer's claims.

## Speedy Trial

{¶ 8} "The right to a speedy trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution, made obligatory on the states by the Fourteenth Amendment. Section 10, Article I of the Ohio Constitution guarantees an accused this same right." (Citation omitted.) *State v. Hughes*, 86 Ohio St.3d 424, 425, 715 N.E.2d 540 (1999). Ohio's statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a speedy trial. *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980); *State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, ¶ 13.

{¶ 9} It is well-settled that "a guilty plea waives a defendant's ability to assert a *statutory* speedy-trial violation on appeal[.]" (Emphasis sic.) *State v. Johnson*, 2d Dist. Greene No. 2013-CA-1, 2013-Ohio-4077, ¶ 4. However, "Ohio courts have reached different conclusions as to whether the same rule applies to alleged *constitutional* speedy-trial violations." (Emphasis sic.) *Id.* As we explained in *Johnson*:

> The Eighth District Court of Appeals has held that a guilty plea does not waive a defendant's ability to raise a constitutional speedy-trial violation on appeal. *State v. Kutkut*, 8th Dist. Cuyahoga No. 98479, 2013-Ohio-1442, ¶ 9; *State v. King*, 184 Ohio App.3d 226, 2009-Ohio-4551, 920 N.E.2d 399, ¶ 10 (8th Dist.). The First District Court of Appeals has reached a contrary conclusion. *State v. West*, 134 Ohio App.3d 45, 52, 730 N.E.2d 388 (1st Dist.1999).

This court has reached both conclusions. *State v. Hawkins*, 2d Dist. Greene No. 98CA6, 1999 WL 197932, *4 (April 9, 1999) ("Because a plea of guilty waives the defendant's right to trial, it necessarily also waives any claim that the defendant was denied his statutory and constitutional rights to a speedy trial."), citing *Clark v. Maxwell*, 177 Ohio St. 49, 50, 201 N.E.2d 882 (1964); *State v. Ellis*, 2d Dist. Montgomery No. 18092, 2001 WL 28665, *1 (Jan. 12, 2001) ("The State points out, correctly, that Ellis' guilty plea waived his right to challenge his conviction for a violation of the speedy trial requirements imposed by R.C. 2945.71(B)(2). [* * * The error which Ellis assigns concerns his Constitutional speedy trial rights, however, which are not likewise waived.]"). *State v. Cordell*, 2d Dist. Greene No.2009 CA 57, 2010-Ohio-5277, ¶ 8 ("The second 'potential assignment of error' is 'whether appellant was denied speedy trial rights.' * * * [T]here is nothing in the record reflecting any possible constitutional speedy trial violation for pre-indictment delay. Furthermore, the plea of guilty effectively waived any such challenge.").

(Footnote omitted.) *Johnson* at ¶ 4-5.

**{¶ 10}** In this case, Sherrer entered a guilty plea and arguably waived her constitutional right to a speedy trial. *See State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 117 (holding a defendant who voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea); *Hawkins* at *1; *Cordell* at ¶ 8. However, even under the

contrary view, Sherrer's claim still must fail because she otherwise waived her constitutional right to a speedy trial by signing and filing a time waiver with the trial court on October 24, 2014.

{¶ 11} "It is well-settled law that an accused may waive his constitutional right to a speedy trial provided that such a waiver is knowingly and voluntarily made." *State v. King*, 70 Ohio St.3d 158, 160, 673 N.E.2d 903 (1994), citing *Barker v. Wingo*, 407 U.S. 514, 529, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The Supreme Court of Ohio has held that the statutory speedy trial provisions set forth in R.C. 2945.71 are "coextensive with constitutional speedy trial provisions," and thus "an accused's express written waiver of his statutory rights to a speedy trial, made knowingly and voluntarily, also constitutes a waiver of his speedy trial rights guaranteed by the United States and Ohio Constitutions." *Id.*, citing *State v. O'Brien*, 34 Ohio St.3d 7, 516 N.E.2d 218 (1987), paragraph one of the syllabus. "[T]o be effective, an accused's waiver of his or her constitutional and statutory right to a speedy trial must be expressed in writing or made in open court on the record." *Id.* at 161.

{¶ 12} Here, the time waiver signed and filed by Sherrer provided the following:

Now comes the Defendant, NICOLE L. SHERRER, and waives any and all rights that she has under Sections 2945.02 and 2945.71 et seq. of the Ohio Revised Code and the Ohio Rules of Criminal Procedure and the Ohio Rules of Superintendence as to the time for trial in the above-captioned matter. Defendant and her counsel acknowledge and consent to the time waiver by their signature below.

Time Waiver (Oct. 24, 2014), Greene County Common Pleas Court Case No. 2014 CR

565, Docket No. 22.

{¶ 13} The record also indicates that Sherrer waived her statutory speedy-trial rights during her arraignment. *See* Arraignment Judgment Entry (Oct. 24, 2014), Greene County Common Pleas Court Case No. 2014 CR 565, Docket No. 23.

{¶ 14} We find the record devoid of any evidence indicating that Sherrer's waiver of her statutory right to a speedy trial was not knowing and voluntary. This is particularly true here considering Sherrer did not raise any such argument before the trial court or in this appeal. Therefore, because the statutory right to a speedy trial is coextensive with the constitutional right to a speedy trial, Sherrer effectively waived her constitutional right to a speedy trial when she signed and filed a written time waiver. Accordingly, Sherrer's constitutional speedy-trial claim is without merit.

Due Process

{¶ 15} Sherrer's due process claim concerning the delay between the commission of her offenses and her indictment also lacks merit. We note that pre-indictment delay does not raise a speedy-trial issue because the right to a speedy trial attaches only after criminal charges are instituted. *Miamisburg v. Rinderle*, 2d Dist. Montgomery No. 26094, 2015-Ohio-351, ¶ 13, citing *State v. Ellis*, 2d Dist. Montgomery No. 15963, 1997 WL 282313, *3 (May 30, 1997). However, " '[a]n unjustifiable delay between the commission of an offense and a defendant's indictment therefor, which results in actual prejudice to the defendant, is a violation of the right to due process of law under Section 16, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.' " *Ellis* at *3, quoting *State v. Luck*, 15 Ohio St.3d 150, 472 N.E.2d 1097 (1984), at paragraph two of the syllabus.

{¶ 16} "This court has recognized that pre-indictment delay not exceeding the applicable statute of limitations is 'not prejudicial in the absence of specific evidence to the contrary.' " *Rinderle* at ¶ 14, quoting *State v. Powell*, 2d Dist. Montgomery No. 16013, 1997 WL 231196, *2 (May 9, 1997). "[I]n order to support a dismissal on the basis of delay in indictment, a defendant must present evidence demonstrating an actual and substantial prejudice." *State v. Carter*, 2d Dist. Clark No. 2010-CA-25, 2011-Ohio-751, ¶ 15. "Then after defendant has established actual prejudice, the State bears the burden to produce evidence demonstrating a justifiable reason for the delay which outweighs the prejudice defendant has suffered." (Citation omitted.) *State v. Conley*, 2d Dist. Clark No. 01-CA-0013, 2001 WL 958834, *2 (Aug. 24, 2001).

{¶ 17} "[T]he possibility that memories will fade, witnesses will become inaccessible, or evidence will be lost is not sufficient to establish actual prejudice." *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 105, citing *United States v. Marion*, 404 U.S. 307, 325-326, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). "The burden upon a defendant seeking to prove that pre[-]indictment delay violated due process is ' "nearly insurmountable," ' especially because proof of prejudice is always speculative." *Id.* at ¶ 100, quoting *United States v. Montgomery*, 491 Fed.Appx. 683, 691 (6th Cir.2012), quoting *United States v. Rogers*, 118 F.3d 466, 477 (6th Cir.1997), fn. 10.

{¶ 18} In this case, Sherrer claims she was prejudiced by the State's year-long delay in indicting her because it resulted in her being unable to identify and access a witness named "Wayne," who allegedly introduced Sherrer to the confidential informant. At the hearing on Sherrer's motion to dismiss, the trial court indicated that it appeared as

though "Wayne" had no significance to the charges brought by the State, but felt more information was needed to make the prejudice determination. Therefore, as a cautionary measure, the trial court asked the State to contact and question the confidential informant regarding "Wayne's" alleged involvement, and to immediately report the confidential informant's response to the court and Sherrer.

{¶ 19} In following the court's order, the State reported in an amended response to the motion to dismiss that the confidential informant advised that it was possible that "Wayne" had introduced him to Sherrer, but that he did not know the identity of "Wayne" and that "Wayne" was not present during the drug transactions that led to the charges against Sherrer. The investigating detective's report contained within the presentence investigation ("PSI") also provided that Sherrer was alone when she engaged in each of the drug transactions with the confidential informant.

{¶ 20} Based on the record, we find that Sherrer has not demonstrated actual and substantial prejudice resulting from prosecutorial delay, as "Wayne" appeared to have no involvement in the drug transactions at issue, and it is otherwise speculative as to how his absence prejudiced Sherrer's case. Moreover, we find the State's reason for delay was justified, as the record indicates the delay resulted from an ongoing investigation of continuing criminal activity, pending lab analysis results, and measures taken to ensure the safety of the confidential informant. Accordingly, Sherrer's due process claim is likewise without merit.

{¶ 21} Sherrer's First Assignment of Error is overruled.

### Second Assignment of Error

{¶ 22} Sherrer's Second Assignment of Error is as follows:

THE TRIAL COURT ERRED BY NOT ACCEPTING THE STATE'S AGREED PLEA [AND] BY NOT PROPERLY APPLYING ORC 2929.12 IN SENTENCING.

{¶ 23} Under her Second Assignment of Error, Sherrer claims the trial court erred in failing to impose an eight-year prison sentence that was agreed to by the parties as part of the plea agreement. However, a review of the record reveals that there was no jointly agreed-upon sentence presented to the trial court; rather, the State merely *recommended* an eight-year prison sentence in exchange for Sherrer's guilty plea.

{¶ 24} It is well-established that " '[a] trial court does not err by imposing a sentence greater than "that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." ' " *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6, quoting *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, ¶ 13 (5th Dist.), quoting *State v. Pettiford*, 12th Dist. Fayette No. CA2001-08-014, 2002 WL 652371, *3 (Apr. 22, 2002).

{¶ 25} Here, the trial court informed Sherrer at the plea hearing that the charges she was pleading guilty to carried a maximum prison term of 25 years and a minimum prison term of three years, and that the State recommended she receive eight years as part of the plea agreement. The court then advised Sherrer that before making a sentencing decision, it was going to have a PSI prepared so that the court could learn more about her. The court also advised Sherrer that it was not making any promises with respect to the final disposition. Based on the foregoing, we find that the trial court

did not err in sentencing Sherrer to more than the recommended eight years, as the record indicates that Sherrer was sufficiently forewarned of that possibility and of the applicable penalties.

{¶ 26} Sherrer also contends the trial court erred in applying the recidivism factors under R.C. 2929.12, as she claims the court considered a false statement during its analysis. Specifically, Sherrer takes issue with the trial court questioning her alleged unawareness of her fiancé's drug trafficking business and the level of her involvement in the business based on a report that she picked up a vehicle containing $50,000 and delivered it to an unnamed individual at her fiancé's request. Sherrer claims this information is inaccurate and that it was improper for the court to consider it when sentencing her.

{¶ 27} In *State v. Bodkins*, 2d Dist. Clark No. 10-CA-38, 2011-Ohio-1274, this court recognized that:

[A] trial court may rely on "a broad range of information" at sentencing. *State v. Bowser*, 186 Ohio App.3d 162, 926 N.E.2d 714, 2010-Ohio-951, ¶ 13. "The evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned * * * with the narrow issue of guilt." *Id.* at ¶ 14 * * *. Among other things, a court may consider hearsay evidence, prior arrests, facts supporting a charge that resulted in an acquittal, and facts related to a charge that was dismissed under a plea agreement. *Id.* at ¶ 15-16 * * *. "[B]ased on how the court perceives true facts in a case, it may believe that the offender committed a crime other than, or in addition to, the one to which

he pleaded." *Id.* at ¶ 20 * * *. Notably, a court may consider "allegations of uncharged criminal conduct found in a PSI report[.]" *Id.* at ¶ 15 * * *. *Bodkins* at ¶ 43.

**{¶ 28}** After a thorough review of the record, we find that the trial court did not make any improper considerations when sentencing Sherrer. The information Sherrer complains of was part of the investigating detective's report that was contained in the PSI. The court was free to consider that information when sentencing her.

**{¶ 29}** Sherrer's Second Assignment of Error is overruled.

### Conclusion

**{¶ 30}** Having overruled both assignments of error raised by Sherrer, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Elizabeth A. Ellis
Bradley R. Hoyt
Hon. Stephen Wolaver